Robert A. BESTE, Appellant,

v.

Harry W. TADLOCK, Respondent.

No. 38896.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 11, 1978.

Motion for Rehearing and/or Transfer
Denied May 9, 1978.

Application to Transfer Denied
June 15, 1978.

Gerritzen & Gerritzen, St. Louis, for appellant.

Douglas O'Leary, St. Louis, for respondent.

CLEMENS, Presiding Judge.

Plaintiff sued for injures sustained in a rear-end collision and received a $1,000 verdict. He has appealed from the ensuing judgment.

Defendant rear-ended plaintiff's car while it was stopped at an intersection to make a left turn. Plaintiff fell forward, striking his head. He walked a few blocks to his home and drove to the hospital for a physical examination. The diagnosis was cervical sprain. During the next six months plaintiff saw his doctor with complaints of headache and backache. At trial, the treating physician, Dr. Hall, and Dr. O'Reilly, the examining specialist, both testified.

█ Plaintiff raises five points. We deny points IV and V as abstract statements of law not in compliance with Supreme Court Rule 84.04(d), VAMS.

█ Plaintiff first contends the court erred in allowing improper jury argument because defendant's attorney referred to facts outside the record to encourage the jury to compare plaintiff's injuries with those of other accident victims. We find no basis for this. Taken in context, defense argument was a preface to defendant's appeal to be fair to both parties and neither directly nor inferentially referred to plaintiff's injuries. The trial court is allowed wide discretion in controlling jury argument and absent clear abuse—which we do not find—its ruling controls. *Norfolk & Western Railway Co. v. Greening,* 458 S.W.2d 268[7–9] (Mo.1970).

█ As to jury conduct: While deliberating the jury sent out a note: "We would like to know how much, if any, that the plaintiff has collected for his doctor visits and drugs, from the defendant's car insurance and plaintiff's work health coverage. We would like to know if the insurance is going to pay for plaintiff. /s/ Elias E. Howard 11/17/76." The court showed the note to both attorneys and denied plaintiff a mistrial. The court returned a note referring the jury to its instructions.

Plaintiff now contends the jury considered insurance, a fact not in evidence. The trial court exercises discretion when it considers jury misconduct, *Kelly v. Prince,* 371 S.W.2d 508[4] (Mo.1964), and will not be interfered with on appeal absent a showing of abuse. *Baumle v. Smith,* 420 S.W.2d 341[14] (Mo.1967).

We find no such abuse. *Counts v. Thompson,* 359 Mo. 485, 222 S.W.2d 487[9–13] (1949) is on all fours. There, plaintiff sued for injuries occurring on the job. During its deliberations, the jury inquired of the court: "What is the maximum fee or percentage basis allowed by Missouri law to Plaintiff's counsel?" The court referred the jury to its instructions. Defendant appealed, alleging error in refusing to discharge

the jury for improperly considering insurance. The court affirmed, stating: "We also agree it was not necessary to discharge the jury because they asked the question . . . . They should have done so when they were thus in doubt and did not know whether this was a matter they could properly consider." See also *McComb v. Vaughn,* 358 Mo. 951, 218 S.W.2d 548[11] (Mo.1949).

Here, we cannot say the jury considered insurance merely because the question was asked. Even if a question alone might be sufficient to show jury misconduct, the phrasing of this question indicated the jury did not assume the existence of insurance.

Plaintiff's citations are distinguishable. They are cases where trial lawyers improperly injected insurance. No such misconduct appears here. The jury is presumed to have followed their oaths and rendered a verdict according to the evidence. *Christie v. Gas Service Co.,* 347 S.W.2d 135[10–13] (Mo.1961). Plaintiff has failed to overcome this presumption.

 Plaintiff next contends the $1,000 verdict is grossly inadequate. An appellate court may "reverse and remand in those cases where, the damages under the circumstances, are such as to shock the understanding and induce the conviction that the verdict was a result of either passion, prejudice or partiality." *Strange v. Aidison,* 65 S.W.2d 115[1] (Mo.App.1933). We review the evidence in the light most favorable to the verdict and recognize the trial court has discretion to set aside verdicts it deems are inadequate. We do not interfere absent an abuse of discretion. *Hufft v. Kuhn,* 277 S.W.2d 552[3] (Mo.1955).

Plaintiff struck his head and for six months intermittently saw a physician for headache and backache. Dr. O'Reilly, the orthopedic specialist, examined plaintiff only once, six months after the accident. He testified he found no objective abnormalities and on the basis of plaintiff's complaints diagnosed mild neck strain and mild low back strain. On cross examination, Dr. O'Reilly acknowledged that at the time of his examination he believed plaintiff would gradually improve without objective disability. At trial, however, he testified that plaintiff's discomfort would continue for an indefinite time. After six months plaintiff did not return to a doctor except for treatment of a new shoulder injury and Dr. Hall testified plaintiff did not then complain of neck or back pain. Plaintiff lost only half a day of work and his injuries did not limit his activities at work. His medical expenses were only $228.65.

In arriving at the verdict for plaintiff the jury must have found plaintiff's injuries resulted from defendant's negligence. It was the jury's duty to award plaintiff damages commensurate with those injuries and plaintiff was awarded $1,000. We assume the verdict included plaintiff's medical expenses of $228 and, accordingly, compensation for his injuries of $772. The jury could reasonably have found plaintiff's injuries were neither serious nor permanent. The trial court did not err in declining to grant a new trial for inadequate damages.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.