Anthony BAILEY, Appellant,

v.

Daniel E. HILLEMAN, Respondent.

No. 39012.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 9, 1978.

David G. Dempsey, Shifrin, Treiman, Bamburg & Dempsey, Clayton, for appellant.

John M. Goodwin, St. Louis, for respondent.

SMITH, Judge.

Plaintiff appeals from a judgment against him based upon a jury verdict find-

ing for the defendant in an intersection collision case. On appeal plaintiff challenges the giving of an instruction on contributory negligence and the failure of the trial court to order a new trial because of the alleged misconduct of the jury.

█ Plaintiff, a State Highway Patrol officer, was injured when his vehicle was struck by the defendant's automobile as plaintiff was making a left turn from the eastbound exit ramp of I–270 into the northbound lane of Brown Road in St. Louis County. Defendant was going south on Brown Road at the time of the collision. Plaintiff's evidence was that plaintiff was proceeding on a left turn arrow at approximately 11 p. m. when he was struck by defendant. Defendant contended that he had a green light through the intersection. Plaintiff's verdict directing instruction submitted defendant's negligence in violating the traffic signal. Defendant's contributory negligence instruction was based upon plaintiff having violated the traffic signal, which plaintiff contends was unsupported by evidence. We disagree.

Defendant testified the light for him was green. A state patrol officer who arrived at the scene testified he checked out the traffic signals for fifteen minutes and they were working properly. While it was undisputed that the traffic light for northbound Brown Road traffic was red when the collision occurred, defendant testified that this was because there was a left turn arrow as well as the green light for southbound Brown Road traffic. It is true there was no direct testimony that plaintiff had a red light. We think it is a reasonable inference, however, that if the lights were working properly they did not show green to traffic coming from two different directions on an intersecting course. There was evidence to support the submission.

Plaintiff's contention of jury misconduct is based upon the affidavit of William Moran, a juror in the case. That affidavit is set out in entirety in the margin.[1]

In his motion for new trial plaintiff alleged that the jury misconduct consisted of two jurors having gone to the intersection during jury deliberations to observe and time the sequence of the electric signal and reporting the results of their investigation to the other jurors. Obviously, nothing in the Moran affidavit supports this charged misconduct. The trial court therefore had

1.                "AFFIDAVIT

I, William Moran, to the best of my knowledge, information, and belief state that I was one of the twelve jurors selected to hear the above styled case from January 17 through January 20, 1977; that one of the issues debated by the jury during their deliberations was which one of the parties had a red light at the time of the accident in question; that there was testimony during the trial that when the northbound traffic on Brown Road at the location of the accident in question had a red light, the southbound traffic on Brown Road at the same location also had a red light; that there was no testimony whatsoever that the aforementioned northbound and southbound lights were not in sequence; that during the jury deliberations the first night at least three members of the jury drew maps of the intersection and the electric signals which they indicated was based upon their own independant (sic) knowledge and acquaintance with the intersection and not based on the evidence presented in the case; that at least one of these jurors stated that the electric lights for north and southbound traffic were not in sequence and that even if the light for northbound traffic was red, it was not necessarily true that the light for southbound traffic was also red despite the uncontradicted evidence to the contrary presented during the trial; that prior to resuming deliberations the next day at approximately 11:15 A.M., many of the jurors were grouped out in the hall and discussing the case not only not in the presence of the twelve jurors, but not in the presence of all the eleven jurors that were present; that the information furnished by the abovementioned (sic) three members of the jury relating to their own independent knowledge and acquaintance with the intersection had a substantial and significant effect upon the jury's arriving at a verdict on behalf of the defendant.

/s/   William Moran

I, William Moran, upon my oath, state that the above and foregoing statements are true and are correct to the best of my knowledge, information, and belief.

/s/   William Moran

Subscribed and sworn to before me this 28th day of January, 1977.

/s/   Frank W. Jansen, Jr.

        Notary Public

My commission Expires:

  11–19–77  ."

no evidence before it upon which to grant the new trial for the reasons alleged in the motion for new trial.

On appeal plaintiff asserts that the affidavit does establish a different jury misconduct, the conveyance to the jury of the independent knowledge of facts by three jurors. No contention is advanced on appeal concerning the grouping and discussing by the jurors in the hall referred to in the latter part of the affidavit. We must determine whether the affidavit sufficiently demonstrated jury misconduct that the trial court was required to grant a new trial as a matter of plain error.

▮ Initially it should be pointed out that a juror may not be allowed to impeach the jury's verdict because of the misconduct of a juror unless the respondent fails to timely and properly object. *Cook v. Kansas City*, 358 Mo. 296, 214 S.W.2d 430 (1948) [9]; *Thorn v. Cross*, 201 S.W.2d 492 (Mo.App. 1947) [6]. Here respondents admit that the record does not reflect any timely or proper objection to the affidavit of Moran. In such posture the affidavit may be considered and is to be accorded its natural probative value. Initially we note that the affidavit is greatly lacking in specificity. It does not reveal the names of the offending jurors, in what manner they "indicated" that the map drawing was based upon independent knowledge, what importance the map of the intersection and traffic lights had as contrasted to the sequence of those lights, and whether the juror who discussed the light sequence based that on independent knowledge or upon the evidence. We also note that the affidavit is factually inaccurate. There was in fact evidence that the northbound and southbound lights were not in sequence and the evidence that they were in sequence was not uncontradicted. There is no other evidence of record to establish jury misconduct. We do not find that the affidavit was sufficient factually to require the trial court to find jury misconduct and prejudice to plaintiff. *See, Rogers v. Steuermann*, 552 S.W.2d 293 (Mo. App.1977); *Thorn v. Cross, supra, Middle-*

*ton v. Kansas City Public Service Co.*, 348 Mo. 107, 152 S.W.2d 154 (1941).

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.