Ada **GREEN**, Plaintiff–Appellant,

v.

**LUTHERAN CHARITIES ASSOCIA- TION**, Defendant–Respondent.

No. 52515.

Missouri Court of Appeals, Eastern District, Division Two.

March 8, 1988.

Peggy Hardge, St. Louis, for plaintiff-appellant.

Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, Joseph H. Mueller, St. Louis, for defendant-respondent.

PUDLOWSKI, Judge.

Appellant challenges a jury verdict rendered in favor of respondent, her former employer, on her breach of contract action. On appeal she argues seven points of error, of which only two have been preserved for review.

In January 1979, appellant, Ada Green, had been employed by respondent, Lutheran Charities Association (hereinafter Lutheran) as a Nurse Attendant for approximately eleven years. During her employment at Lutheran, appellant had become accustomed to a pattern rotation of days off.

The work schedule for Nurse Attendants in appellant's division was set forth on two separate documents. One document entitled "Time Record" reflected the employees' work schedules for a six-week period. The Time Record was routinely posted four to six weeks in advance in order to advise employees of their upcoming work schedules. The Time Record, which included the first two weeks of January 1979, was posted at the end of November or the first of December 1978. A second document which depicted the employees' work schedule and ward assignments on a weekly basis was also posted.

On Monday, January 8, 1979, appellant reported to work believing that her days off would be Wednesday and Thursday of that week. Upon arrival she noted that the Time Record indicated that she was scheduled to be off work on Monday, January 8, and Tuesday, January 9. Believing that an error had been made appellant altered the Time Record to indicate that she was scheduled to work on January 8 and 9 and scheduled to be off on January 10 and 11. Appellant did not advise her supervisors of this alteration in the Time Record nor did she obtain their consent. Kathleen Grossius, a nursing supervisor at Lutheran testified at trial that the alteration in the Time Record was first noted during the work shift beginning at 11:00 p.m. on January 9, 1979. Grossius confronted the appellant regarding the alteration and appellant admitted that she had changed the Time Record.

At the conclusion of appellant's shift she met with Grossius and Linda Koste, the assistant director of nursing. During this meeting appellant was given written disciplinary action for absenteeism, illness and tardiness based on her previous work record. Appellant was told to take the

next two days off. When she returned for work that Friday she was told she had been terminated. An Employee Discipline Report dated January 11 listed the reasons for termination as "inadequate work performance, defective improper work habits and tampering with time records." Appellant brought suit for breach of contract in the Circuit Court of the City of St. Louis. On August 22, 1986 the jury returned a verdict for Lutheran. This appeal followed.

■ Points I, III, IV, V, VI as set forth in appellant's brief provide in full:

I. THE TRIAL COURT ERRED IN REFUSING PLAINTIFF'S INSTRUCTIONS REGARDING DEFENDANT'S OBLIGATIONS PER THE PERSONNEL POLICY/MANUEL (sic).

III. THE JURY VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE.

IV. THE TRIAL COURT ERRED IN NOT GRANTING PLAINTIFF' (sic) MOTION FOR A DIRECTED VERDICT.

V. THE TRIAL COURT ERRED IN REFUSING TO TAKE JUDICIAL NOTICE OF MISSOURI STATUTE SECTION 290.140 AND IN NOT ALLOWING PLAINTIFF TO INTRODUCE THE SERVICE LETTER STATUTE INTO EVIDENCE.

VI. THE TRIAL COURT ERRED IN REFUSING PLAINTIFF'S VERDICT DIRECTOR REGARDING REINSTATEMENT, SENIORITY RIGHTS AND ATTENDANT BENEFITS.

■ Rule 84.04(d) provides in part: "The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous,...." None of the points set out above comply with this rule. The requirements of Rule 84.04 are not only mandatory but also essential for the effective functioning of appellate courts. It is not our duty or responsibility to spend judicial time searching through legal files, transcripts or argument portions of briefs in an attempt to interpret the thrust of a party's contentions and correct counsel's deficiencies. *Draper*

*v. Aronowitz*, 695 S.W.2d 923, 924 (Mo. App.1985). It would behoove appellant to familiarize herself with the teachings of *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). Appellant has failed to preserve these points for review by this court. *Id.* at 685.

■ Appellant's second point avers that "[t]he trial court erred in giving defendant's instruction which was neither an affirmative defense or converse of plaintiff's instruction and so worded to cause confusion." While the wording of this point is not a model of compliance with Rule 84.04, on its face it appears to inform the court of the "wherein and why" needed to preserve it for review—barely. Rule 84.04(d).

The wording of the point leads the reader to believe that the thrust of appellant's argument is that the instruction which is causing confusion is an improperly worded affirmative converse of plaintiff's verdict director. However, upon examination of the argument portion of her brief it appears that the thrust of her argument is, rather, that the submission of the instruction was not supported by substantial evidence.

Instruction No. 5 at issue reads:

Your verdict must be for defendant if you believe plaintiff was terminated from her employment by defendant because plaintiff violated the Personnel Policies of defendant by changing her time record without permission.

Appellant points out that the respondent's policy manual provides that "[e]mployees are subject to discharge without advance notice for ... contributing to *the falsification of information on a time card or time record* or participating in any arrangement to accommodate punching one another's time cards...." (Emphasis added). She argues that changing a time schedule is not the same as falsifying information on a time record. As a result, she argues defendant's instruction is substantially incorrect and its submission had a tendency to confuse and mislead the jury.

Instruction No. 5 was a properly drafted modified version of MAI 33.05. Further,

the submission of this instruction was supported by the evidence. Kathleen Grossius, a nursing supervisor at the time appellant was discharged testified that the document entitled "Time Record" was the six week work schedule posted in each nursing division. Appellant admitted that she altered the Time Record without notifying or obtaining the permission of her supervisor. Webster's Third New International Dictionary (1976) defines "falsify" as "to make false by mutilation or addition; tamper with." Appellant admitted that she altered the Time Record by deletion of scheduled work days and the addition of new ones. By so doing she made the Time Record false. The instruction was supported by the evidence and was not confusing. *Sheinbein v. First Boston Corp.*, 670 S.W.2d 872, 878 (Mo.App.1984). We find no error and appellant's point is accordingly denied.

■ In her seventh point appellant argues that the trial court erred in not granting a new trial because of prejudicial jury misconduct. The alleged misconduct was first brought to the attention of the trial court in appellant's motion for new trial. In support of her motion appellant attached an affidavit executed by Fuqua, an alternate juror. That affidavit provided in pertinent part:

> On August 21st, during a break in the trial, a couple of jurors discussed the case of Mrs. Green in my presence and the presence of the other jurors, contrary to the instructions given by Judge Godfrey. This conversation was heard by other jurors and was discontinued when several other jurors requested that the discussion stop. Conversation was prejudicial to Plaintiff.

Appellant argues that this conversation, along with being prejudicial, was contrary to the admonition of MAI 2.01 and as a result warranted a new trial.

■ The granting of a new trial on the ground of juror misconduct is within the sound discretion of the trial court. *Berry v. Allgood*, 672 S.W.2d 74, 78 (Mo. banc 1984). The ruling of the trial court will not be disturbed absent a showing of abuse of that discretion. *Beste v. Tadlock*, 565 S.W. 2d 789, 791 (Mo.App.1978).

■ A juror may not be allowed to impeach the jury's verdict because of the misconduct of a juror unless the respondent fails to timely and properly object. *Bailey v. Hilleman*, 566 S.W.2d 504, 506 (Mo.App.1978). The record does not reflect any objection on the part of respondents to the affidavit of juror Fuqua, therefore, the affidavit may be considered and its sufficiency in showing juror misconduct may be assessed. *Id.*

Like the affidavit in *Bailey*, the affidavit of Fuqua is greatly lacking in specificity. It fails to provide the names of jurors who allegedly participated in the conversation regarding appellant nor does it indicate which jurors overheard the alleged conversation. In addition, the affidavit fails to set forth what statements were made in this alleged conversation but merely concludes that the conversation was "prejudicial" to appellant. Such allegations are wholly void of the prerequisite specificity to warrant a determination of juror misconduct. We find no abuse of discretion and accordingly appellant's seventh point is denied. The judgment of the trial court is affirmed.

SATZ, C.J., and STEPHAN, P.J., concur.