Jimmie SMALL, Plaintiff/Appellant,

v.

MISSOURI STATE HIGHWAY AND TRANSPORTATION COMMISSION, Defendant/Respondent.

No. 58169.

Missouri Court of Appeals, Eastern District, Northern Division.

Sept. 24, 1991.

Jimmie Small, pro se.

Paul R. Sterrett, Paul R. Ferber, Rich Tiemeyer, Kirkwood, for defendant/respondent.

AHRENS, Judge.

In this action for damages, appellant Jimmie Small appeals from a judgment in favor of respondent Missouri State Highway and Transportation Commission (Commission) on appellant's claim for damage to his property. We affirm.

Appellant owns a three hundred three acre farm in Knox County, Missouri. Part of appellant's farm is adjacent to Route K, a blacktop roadway. Commission has a right-of-way along Route K extending eighty feet from the center of the road to appellant's property line.

Appellant brought this action alleging that "in the Fall of 1983 and or Spring of 1984," Commission "was engaged in spraying on its State Route K ... and while so engaged its agents or employees caused

destruction of timber of the lands of [appellant]...." Appellant further alleged, "the destruction of [appellant's] trees, brush, and shrubbery, resulted from a dangerous condition of State of Missouri right away [sic] bordering [appellant's] property due to application to said State property of chemicals, herbicides, 'spike'." Following a trial, the jury returned a unanimous verdict in favor of Commission.

In the first of his four points, appellant alleges the trial court erred in denying his motion for new trial, because the evidence supporting appellant's claim "was overwhelming and no reasonable jury would thereby rule in favor of [Commission], there exists no evidence which supports a Defendant [sic] decision, and such a ruling was against the weight of the evidence."

"The determination of whether a verdict is against the weight of the evidence is within the exclusive province of the trial court; on appeal this court does not weigh the evidence but determines whether sufficient evidence supports the verdict." *Marshall v. Edlin*, 690 S.W.2d 477, 479 (Mo. App.1985). In making that determination, "we view the evidence in the light most favorable to the verdict, considering only that which supports it, and disregarding contrary evidence and inferences." *Roark Motor Lodge Interval Sales Corp. v. Lindner*, 779 S.W.2d 684, 686 (Mo.App.1989); *Marshall*, 690 S.W.2d at 479.

■ Viewed in that light, the evidence was sufficient to support the jury's verdict. Appellant presented evidence that in October 1983, Commission employees were seen spraying from knapsack sprayers in the area where appellant's trees died. Commission, however, presented evidence that: (1) its employees were instructed not to apply Spike in that area; (2) Commission had no knapsack sprayers in October 1983; (3) where Commission used Spike along Route K, the herbicide was not sprayed, but was applied directly into the soil with a hose that extended no more than 25 feet from a tank on the truck; (4) the damaged tree nearest Route K in the area adjacent to appellant's property was 60 feet from the edge of the roadway; and (5) a contrac-

tor working for Lewis County Rural Electric Cooperative had applied Spike under powerlines adjacent to appellant's property. "The credibility of witnesses and the weight of the testimony are within the province of the jury and are not matters for appellate review." *Jackson v. Premier Serv. Corp.*, 761 S.W.2d 648, 651 (Mo.App. 1988).

Although appellant presented evidence that soil and vegetation samples taken from his property in August 1984, contained concentrations of Spike, there was no evidence establishing the concentration of Spike necessary to have destroyed any of appellant's trees, which varied in type and size.

Accordingly, there was sufficient evidence to support a determination that Commission employees did not apply Spike near appellant's property. Further, based on the evidence, the jury could reasonably have found that the level of Spike in the area was not responsible for the damage to appellant's property. Thus, the trial court did not err in denying appellant's motion for new trial on the basis that the verdict was against the weight of the evidence. Point one is denied.

Appellant's second point alleges the trial court erred in denying his motion for new trial, because during voir dire one juror "remained silent when asked a question regarding any blood relation he may have who was an employee of [Commission]," and appellant discovered that the juror "was blood relation" to a Commission employee. Appellant contends the failure to reveal the relationship "was an intentional concealment" which "resulted in bias and prejudice in the verdict."

During voir dire the trial court asked the venirepersons, "are any of you employees or *members of your immediate families* employees of the State Highway Commission?" Two venirepersons responded; one venireperson stated his father-in-law works for Commission, and the second venireperson stated he was a Commission employee. Juror Kenneth Klocke did not respond.

In his motion for new trial appellant asserted Klocke is a "blood relative" of a

Commission employee, and appellant was prejudiced because Klocke "deliberately withheld that information to [appellant's] detriment." "Whether intentional or unintentional, the concealment of material information on voir dire by a prospective juror deprives both litigants of the opportunity to exercise peremptory challenges or challenges for cause in an intelligent and meaningful manner." *Williams v. Barnes Hosp.,* 736 S.W.2d 33, 36 (Mo. banc 1987). Thus, "[i]f a juror intentionally withholds material information requested on voir dire, bias and prejudice are inferred from such concealment." *Id.* at 37.

▮▮▮▮ In his brief, appellant asserts for the first time that Kenneth Klocke is an uncle to a Commission employee. Nothing in the record substantiates this assertion. Along with its brief, Commission filed an affidavit of Darrell Klocke, which states Darrell Klocke is an employee of "the Missouri Highway and Transportation Department" and a third cousin of Kenneth Klocke. Neither appellant's or respondent's assertion is properly before this court, because as a general rule an appellate court will not consider matters outside the record. *Browning-Ferris Indus. v. Dance,* 671 S.W.2d 801, 807 (Mo.App.1984).

▮▮▮▮ In any event, we hold that for purposes of a voir dire examination, "immediate family" does not include an uncle or third cousin. Rather, immediate family is a term "generally referring to one's parents, wife or husband, children, and brothers and sisters." BLACK'S LAW DICTIONARY 750 (6th ed. 1990). Accordingly, even assuming juror Klocke is a third cousin or an uncle of a Commission employee, he did not conceal material information in failing to respond affirmatively to the trial court's inquiry. Point two is denied.

Appellant's third point asserts the trial court erred in denying his motion for new trial based on his request to take juror Klocke's deposition pending appeal, pursuant to Rule 57.02(b). We note the issue of appellant's request to depose juror Klocke was not raised in the motion for new trial.

Appellant's request to depose Klocke stated that the subject matter of questioning "would be directed to the courts [sic] instructions and Voir Dire examination, relative to" the relationship between juror Klocke and a Commission employee. As noted, appellant now contends juror Klocke is an uncle of a Commission employee. In light of our holding that for purposes of voir dire examination, the uncle/nephew relationship is not within the definition of "immediate family," appellant's third point is moot. Thus, we do not determine whether a request to depose a former juror in a case pending appeal is properly the subject of a Rule 57.02(b) motion. Point three is denied.

Appellant's fourth point alleges the trial court erred in denying his motion for new trial "based on the assertion that jury members during trial discussed evidence prior to the case being submitted to the jury in that such discussion was disruptive and thereby prejudicial to Plaintiff's case." In his brief, appellant asserts that while testimony was being presented at trial, "three particular jury members openly discussed the photographic evidence they had previously viewed."

"The granting of a new trial on the ground of juror misconduct is within the sound discretion of the trial court." *Green v. Lutheran Charities Ass'n,* 746 S.W.2d 154, 157 (Mo.App.1988). The trial court's ruling "will not be disturbed absent a showing of abuse of that discretion." *Id.*

▮▮▮▮ Appellant has cited no portion of the record to support his allegation of juror misconduct. From our review of the transcript, it is apparent the jury was admonished not to discuss the case prior to submission. Further, there is no reference in the transcript to improper discussions among the jurors. The only indication of juror misconduct is appellant's bare allegation; therefore, we find no abuse of discretion in the trial court's denial of appellant's motion for new trial. Point four is denied.

The judgment of the trial court is affirmed.

REINHARD, P.J., and CRIST, J., concur.