The Honorable May E. Scheve State Representative, District 98 State Capitol Building Jefferson City, Missouri 65101
Dear Representative Scheve:
This opinion letter is in response to your questions regarding Sections 334.252 and 334.253, RSMo 1994, which address physician referral to physical therapists. You state your questions as follows:
 1. The statute states that "a physician may not make a referral to an entity for the furnishing of any physical therapy services with whom the physician, physician's employer, or immediate family member of such referring physician has a financial relationship." The question posed is, how is "immediate family" defined? Specifically, is a physician's brother considered "immediate family"?
 2. A physician owns his own medical practice, and this medical practice employs physical therapists to perform physical therapy services. Is this a violation?
Section 334.253 provides:
 334.253. Physicians prohibited referral to certain physical therapists, when, financial relationship, defined — exceptions, effective when. — 1. A physician may not make a referral to an entity for the furnishing of any physical therapy services with whom the physician, physician's employer, or immediate family member of such referring physician has a financial relationship. A financial relationship exists if the referring physician, the referring physician's employer, or immediate family member:
 (1) Has a direct or indirect ownership or investment interest in the entity whether through equity, debt, or other means; or
 (2) Receives remuneration from a compensation arrangement from the entity for the referral.
 2. The following financial arrangements shall be exempt from disciplinary action under this section:
 (1) When the entity with whom the referring physician has an ownership or investment interest is the sole provider of the physical therapy service within a rural area;
 (2) When the referring physician owns registered securities issued by a publicly held corporation or publicly traded limited partnership, the shares of which are traded on a national exchange or the over-the-counter market, provided that such referring physician's interest in the publicly held corporation or publicly traded limited partnership is less than five percent and the referring physician does not receive any compensation from such publicly held corporation or publicly traded limited partnership other than as any other owner of the shares of such publicly held corporation or publicly traded limited partnership;
 (3) When the referring physician has an interest in real property resulting in a landlord-tenant relationship between the physician and the entity in which the equity interest is held, unless the rent is determined, in whole or in part, by the business volume or profitability of the tenant or is otherwise unrelated to fair market value;
 (4) When the indirect ownership in the entity is by means of a bona fide debt incurred in the purchase or acquisition of the entity for a price which does not in any manner reflect the potential source of referrals from the physician with the indirect interest in the entity and the terms of the debt are fair market value, and neither the amount or the terms of the debt in any manner, directly or indirectly, constitutes a form of compensating such physician for the source of his business;
 (5) When such physician's employer is a health maintenance organization as defined in subdivision (6) of section 376.960, RSMo, and such health maintenance organization owns or controls other organizations which furnish physical therapy services so long as the referral is to such owned or controlled organization and the physician does not also have a direct or indirect ownership or investment interest in such organization, physical therapy services or the health maintenance organization and the referring physician does not receive any remuneration as the result of the referral;
 (6) When such physician's employer is a hospital defined in section 197.020, RSMo, and such hospital owns or controls other organizations which furnish physical therapy services so long as the referral is to such owned or controlled organization and the physician does not also have a direct or indirect ownership or investment interest in such organization, physical therapy service, or the hospital and the referring physician does not receive any remuneration as the result of the referral.
 3. The provisions of sections 334.252 and 334.253 shall become effective January 1, 1995. [Emphasis added.]
Section 334.252, providing definitions for certain terms used in Section 334.253, states in pertinent part:
 334.252. Physicians prohibited referral to certain physical therapists, definitions. — As used in this section and section 334.253, the following terms mean:
* * *
 (2) "Entity", any individual, partnership, firm, corporation, or other business entity which provides, furnishes, or refers physical therapy services;
* * *
 (6) "Referral", any referral or prescription, written or verbal, for physical therapy service;
* * *
"All canons of statutory interpretation are subordinate to the requirement that the Court ascertain the intent of the legislature from the language used and give effect to that intent, if possible, and to consider the words used in their plain and ordinary meaning." Butler v. Mitchell-Hugeback, Inc.,895 S.W.2d 15, 19 (Mo. banc 1995). Your first question asks for a definition of "immediate family member" as that phrase is used in Section 334.253. "Words used in statutes must, in the absence of a statutorily prescribed definition, be given their plain ordinary meaning." State ex rel. C.C.G. Management Corp. v. Cityof Overland, 624 S.W.2d 50, 53 (Mo.App. 1981); accord Matter ofPreston, 898 S.W.2d 151, 152 (Mo.App. 1995). Since "immediate family member" is not defined in the statute, we need to determine its ordinary meaning. "The ordinary [meaning] of a word is generally ascertainable by means of a dictionary definition." Angoff v. M M Management Corporation, 897 S.W.2d 649,653 (Mo.App. 1995); accord Asbury v. Lombardi, 846 S.W.2d 196,201 (Mo. banc 1993).
In Small v. Missouri State Highway and TransportationCommission, 815 S.W.2d 495 (Mo.App. 1991), the court determined the meaning of "immediate family" where a question was asked during voir dire of the jury using the term. The judge asked the jury panel, "`are any of you employees or members of yourimmediate families employees of the State Highway Commission?'"Id. at 496 (emphasis in original). The issue considered was whether a jury panel member had concealed material information when he did not respond to this question but it was later determined that he had a nephew and a third cousin who were employees of the State Highway Commission. The court adopted the definition of "immediate family" found in Black's LawDictionary, 750 (6th ed. 1990). "[I]mmediate family is a term `generally referring to one's parents, wife or husband, children, and brothers and sisters.'" Small, 815 S.W.2d at 497.
Based on the Small case and rules of statutory interpretation, it is the opinion of this office that "immediate family member," as that term is used in Section 334.253, includes a physician's parents, wife or husband, children, and brothers and sisters. With regard to your specific question, a physician's brother would be considered an "immediate family member."
Your second question apparently relates to a physician conducting business as a sole proprietorship and employing physical therapists. Our analysis will be based upon such a situation.[1] Additionally, we presume that your question asks whether a referral by a physician to a physical therapist who the physician employs is prohibited by the statute, rather than asking whether the physician may employ physical therapists. The statute prohibits referrals where there is a financial relationship; it does not prohibit the financial relationship.
The statute states, "A physician may not make a referral to an entity for the furnishing of any physical therapy services with whom the physician . . . has a financial relationship." The first issue for consideration is whether the term "referral" includes directing a patient to an employee, versus directing that patient to a separate business. "Referral" is defined in Section 334.252 as "referral or prescription, written or verbal, for physical therapy service." Thus we must resort to the plain and ordinary meaning of "referral." The word "refer" is defined in various dictionaries as "[t]o direct to a source for help or information" (The American Heritage Dictionary of the English Language, New College Edition, 1981), and "[t]o send or direct (one) to a person, a book or its author for information" (The Oxford English Dictionary, Vol. VIII, 1961). Thus the common meaning of "refer" does not include a requirement that the patient is referred to a separate business.[2] Thus the term "referral" would include the situation you present in your second question of the physician directing a patient to an employee of the physician.
The second issue for consideration is whether sending a patient to an employee within the same business is a referral to an "entity." "Entity" is defined by Section 334.252 as "any individual, partnership, firm, corporation, or other business entity which provides, furnishes, or refers physical therapy services." The physician who refers a patient to his physical therapist employee is, in fact, referring the patient to a business entity — his own sole proprietorship.
The last issue for consideration is whether a physician conducting business as a sole proprietorship has a financial relationship with the sole proprietorship. Section 334.253.1 (1) states a financial relationship exists if the physician has a direct or indirect ownership in the entity. The physician has an ownership interest in his own sole proprietorship. Therefore, the physician has a "financial relationship" with the sole proprietorship.
Viewing the enactment as a whole, the legislature apparently intended that physicians not benefit financially from referrals to physical therapists. In reading Section 334.253, it is apparent the legislature intended a comprehensive prohibition against physicians profiting from making referrals to physical therapists.
With regard to your second question, it is the opinion of this office that a physician conducting business as a sole proprietorship and employing physical therapists violates Section334.253 if the physician makes a referral to a physical therapist who the physician employs, unless the physician is otherwise exempt.[3]
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] Note, however, that the statute covers a financial relationship existing between the referring physician and the entity as well as a financial relationship existing between the referring physician's employer and the entity.
[2] Another provision of Chapter 334, RSMo, supports this conclusion. The last sentence of Section 334.100.2(21), RSMo 1994, indicates that there can be a referral from one physician to another within the same business.
[3] For example, Section 334.253.2 (1) provides an exemption for the sole provider of physical therapy service within a rural area.