Kimble A. COHN and Sherrye
L. Cohn, Respondents,

v.

CENTURY VENTURE DEVELOPMENT
PARTNERSHIP and James J.
Dwyer, Appellants.

No. 70303.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 11, 1997.

Alan G. Kimbrell, St. Louis, for Appellants.

J. Peter Schmitz, Clayton, for Respondents.

SIMON, Judge.

James J. Dwyer (defendant) appeals from the entry of summary judgment in an action for an accounting in the Circuit Court of the City of St. Louis, in favor Kimble and Sherrye Cohn (plaintiffs) for $34,347.75, an amount presently in the registry of the court, plus interest earned thereon.

On appeal, defendant alleges that the equity court erred in: (1) ignoring defendant's affirmative defenses, in holding that defendant's evidence in support of his affirmative defenses was "irrelevant," and in refusing to exercise its equitable discretion, in sustaining plaintiffs' motion for summary judgment; said error was prejudicial in that defendant properly pled affirmative defenses of breach of fiduciary duty and unclean hands, said defenses were proper defenses to plaintiffs' claims for an accounting and to their claim that plaintiffs' "loan" to the partnership be given preference over defendant's claim that services in winding up the affairs of the partnership and creating the funds which were awarded to plaintiffs entitled defendant to compensation, plaintiffs failed to negate these affirmative defenses, and defendant produced evidence in support of his affirmative defenses; (2) denying defendant's motion to dismiss and counterclaim to compel arbitration; and (3) failing to notify creditors to make claims upon the partnership funds then in the registry of the court.

When considering an appeal from a summary judgment, we review the record in a light most favorable to the party against whom summary judgment was entered. *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 376[1] (Mo. banc 1993). Our review is essentially *de novo. Id.* at 379[9]. The criteria on appeal for testing the propriety of summary judgment are no different from those used by the trial court. *Id.* at 376[5]. The burden on a summary judgment movant is to show a right to judgment flowing from facts about which there is no genuine dispute. *Id.* at 378[9]. The non-movant must show—by affidavit, depositions, answers to interrogatories, or admissions on file—that one or more material facts shown by movant to be above any genuine dispute is, in fact, genuinely disputed. *Id.* at 381[17].

The undisputed evidence indicates that Kimble Cohn and defendant formed a limited partnership, Century Venture Redevelopment Partnership, in November of 1985. Defendant and Cohn were the general partners. The purpose of the partnership was to acquire and redevelop the building located at 555 Washington Avenue in the City of St. Louis. The partnership contracted with HBD Contracting, Inc. (HBD) to perform construction on the property. Mercantile Bank (Mercantile) provided a construction loan secured by a deed of trust on the property. In 1986 and 1987 HBD claimed it was entitled to cost overruns. In April of 1987, Mercantile demanded additional security for its loan. Plaintiffs pledged assets worth $620,000.00 as collateral pursuant to a written agreement between plaintiffs, defendant, Mercantile, and the partnership. In 1988, HBD filed a mechanic's lien and lawsuit against the partnership for approximately $1 million, and the partnership responded with a counterclaim.

In April of 1991, Mercantile foreclosed on the property at 555 Washington. Mercantile also took the collateral pledged by plaintiffs and demanded payment of the deficiency from the partners. In July of 1991, the plaintiffs moved to Texas. After negotiations, Mercantile agreed to settle the deficiency claim for $75,000.00, and Cohn agreed to pay that amount. Before a settlement was reached, Mercantile sold the building to the Forsythe Group. The Forsythe Group then sold the building to the United States Postal Service for approximately triple the price it

paid. The Forsythe Group settled HBD's claim for $900,000.00, and the partnership's counterclaim was the only remaining claim in the original mechanic's lien litigation.

Defendant wished to renegotiate the settlement with Mercantile. Mercantile agreed to drop its claim without the payment of any money, but required the plaintiffs to sign an agreement which would allow it to sell the remaining assets pledged by them. Defendant agreed to those terms as long as Cohn would turn over the $75,000.00 that he had intended to pay to Mercantile, for partnership purposes. Cohn turned over the $75,000.00 to the partnership.

The counterclaim against HBD was settled with HBD agreeing to pay $150,000.00 to the partnership. Because the partners could not agree on the disposition of the funds, the settlement money was paid into the court's registry and certain creditors were paid. The remaining balance after payment of certain claims is $34,347.75, which is the subject of this dispute. Defendant filed a motion seeking the remaining amount in the court's registry claiming that he was entitled to the funds because Kimble Cohn abandoned the partnership when he moved to Texas, that he refused to cooperate in the litigation, and that defendant devoted 800 hours to partnership business. The plaintiffs filed for an accounting. Their claim is based on the assets pledged and sold and the loan.

The plaintiffs filed a motion for summary judgment on the grounds that defendant is entitled to no priority claim against the partnership funds for his service to the partnership and that partnership funds must be paid first to partnership creditors including partners. In support of their motion, they presented the affidavit of Kimble Cohn, numerous exhibits, and a memorandum of law. Cohn stated in his affidavit that as of December 31, 1992, the partnership books accurately show that the partnership owed him $677,277.54. He also stated that the indebtedness is really an indebtedness to him and his wife, arising from collateral pledges and loans made by them to partnership.

In his response to the motion for summary judgment, defendant admitted the formation of the partnership, denied that the partnership was not engaged in any business, admitted that the partnership books show the indebtedness to Cohn, denied that the collateral pledges were made to the partnership, and admitted that the partnership books show that he owes the partnership $23,359.57, but does not admit the accuracy of the books.

Defendant also submitted his affidavit. In his affidavit, defendant states that the $75,000.00 that Kimble Cohn turned over to the partnership was treated as a loan to the partnership by the partnership's accountants. Defendant made further assertions in his response to which the trial court found that they were not relevant to the issues in the suit and particularly the summary judgment motion. Defendant did not, however, produce any affidavits, depositions, answers to interrogatories, or admissions refuting the plaintiffs' showing that they are creditors of the partnership. Defendant did, however, present evidence of breach of fiduciary duty and unclean hands on the part of his partner, but he failed to rebut the proposition that the plaintiffs are creditors of the partnership and that the loans did not arise out of any misconduct. Defendant contended that he was entitled to the funds remaining in the court registry because he performed a substantial amount of work on behalf of the partnership and because Kimble Cohn abandoned his duties as a partner. The trial court granted summary judgment in favor of plaintiffs and awarded them the funds remaining in the court's registry plus interest.

In his first point on appeal, defendant contends that the equity court erred in ignoring his affirmative defenses of breach of fiduciary duty and unclean hands, in holding that the evidence in support of his affirmative defenses was "irrelevant," and in refusing to exercise its equitable discretion, said defenses were proper defenses to plaintiffs' claims for an accounting, and to their claim that plaintiffs' "loan" to the partnership be given preference over defendant's claim that services in winding up the affairs of the partnership and creating the funds which were awarded to plaintiffs entitled defendant to compensation, plaintiffs failed to negate these affirmative defenses, and defendant

produced evidence in support of his affirmative defenses.

■ Initially, we note that the trial court found that the partnership was not dissolved by Mercantile's foreclosure or Cohn's move to Texas because the partnership affairs were never wound up. Dissolution of a limited partnership is governed by § 359.451 RSMo 1994 (all references hereinafter will be to RSMo 1994 unless otherwise noted), which provides in pertinent part:

A limited partnership is dissolved and its affairs shall be wound up upon the happening of the first to occur of the following:

(1) At the time specified in the certificate of limited partnership;

(2) Upon the happening of events specified in writing in the partnership agreement;

The partnership agreement provides that the purpose of the partnership is to acquire and rehabilitate the property at 555 Washington and that the partnership would dissolve upon the sale of all or substantially all of the partnership property. Thus, the foreclosure and sale of the real property effectively dissolved the partnership.

■ Defendant contends that plaintiffs are barred from relief because of Cohn's alleged misconduct. Where defendant has raised an affirmative defense, a claimant's right to judgment depends just as much on the non-viability of the affirmative defense as it does on the viability of the claimant's claim. *ITT*, 854 S.W.2d at 381[14,15]. A claimant moving for summary judgment in the face of an affirmative defense must also establish that the affirmative defense fails as a matter of law. *Id.* The claimant may defeat an affirmative defense by establishing that any one of the facts necessary to support the defense is absent. *Id.*

Defendant cites *Warren v. Warren*, 784 S.W.2d 247 (Mo.App.1989) for the proposition that the defense of unclean hands applies to an action for partnership accounting. In *Warren*, a partner in funeral home and tree service partnerships brought an action against his other partner and the other partner's wife and son, seeking an accounting for the funeral home. The other partner, wife

and son counterclaimed. The trial court entered judgment in favor of them on all claims and counterclaims, but allowed no damages on the counterclaims. On appeal the court held, among other things, that the defense of unclean hands barred plaintiff partner from equitable relief in his action for conversion. *Warren* is of no assistance to defendant because the court found that plaintiff partner "dirtied his hands" in acquiring the right he asserted therein. *Id.* at 254.

■ The *Warren* court enunciated and applied the long standing principle that "one who has engaged in inequitable activity regarding the very matter for which he seeks relief will find his action barred by his own misconduct." *Id.* at 254[12] (*citing Mahaffy v. City of Woodson Terrace*, 609 S.W.2d 233, 238[9] (Mo.App.1980)). Here, it is not disputed that Cohn pledged additional assets to Mercantile and turned over $75,000.00 to the partnership. Defendant does not allege unclean hands or breach of fiduciary duty in the pledging of the assets or the payment of the $75,000.00, but rather that Cohn breached his fiduciary duty to the partnership by failing and refusing to cooperate with the partnership attorneys in the HBD litigation, and that Cohn has unclean hands in that he voluntarily withdrew from participation in the business of the partnership and cast upon Dwyer the entire burden of the continuation of the partnership business. Clearly, the alleged misconduct is not involved in the matter for which plaintiffs seek relief.

■ In addition, since the partnership was dissolved, § 359.481, Distribution of Assets Upon Winding Up—Priorities, provides in pertinent part:

Upon the winding up of a limited partnership, the assets shall be distributed as follows:

(1) To creditors, including partners who are creditors, to the extent permitted by law, in satisfaction of liabilities of the limited partnership other than liabilities for distributions to partners under section 359.321 or 359.351;

Further, § 358.380, Rights of Partners to Application of Partnership Property, provides in pertinent part:

1. When dissolution is caused in any way, except in contravention of the partnership agreement, each partner, as against his copartners and all persons claiming through them in respect of their interests in the partnership, unless otherwise agreed, may have the partnership property applied to discharge its liabilities, and the surplus applied to pay in cash the net amount owing to the respective partners. But if dissolution is caused by expulsion of a partner, bona fide under the partnership agreement and if the expelled partner is discharged from all partnership liabilities, either by payment or agreement under subsection 2 of section 358.360, he shall receive in cash only the net amount due him from the partnership.

Following the dictates of the statutory provisions and the legal principles set forth herein, the trial court did not err in disregarding defendant's defenses of unclean hands and breach of fiduciary duty.

In his second point on appeal, defendant contends "[t]hat the court erred in denying defendant's motion to dismiss and counterclaim to compel arbitration." In his third point on appeal, defendant contends that "[t]he court erred in failing to notify creditors to make claims upon the partnership funds then in the registry of the court." These points fail to state "why" the trial court erred. As we stated in *Green v. Lutheran Charities Association*, 746 S.W.2d 154 (Mo.App.1988):

> The requirements of Rule 84.04 are not only mandatory but also essential for the effective functioning of appellate courts. It is not our duty or responsibility to spend judicial time searching through legal files, transcripts or argument portions of briefs in an attempt to interpret the thrust of a party's contentions and correct counsel's deficiencies.

*Id.* at 156[2]. The three components of a point relied on are:

(1) a concise statement of the challenged ruling of the trial court;

(2) the rule of law which the court should have applied; and

(3) the evidentiary basis upon which the asserted rule is applicable.

*Blankenship v. Better Business Bureau*, 782 S.W.2d 131, 134[4] (Mo.App.1989); Rule 84.04(d). These points fail to comply with Rule 84.04(d). Defendant's failure to comply preserves nothing for review.

Judgment affirmed.

RHODES RUSSELL, P.J., and KAROHL, J., concur.