Shantay BUCKHANAN, by and through her Next Friend and guardian, Carolyn BUCKHANAN, Plaintiff/Appellant,

v.

WESTBURY OB–GYN, INC., Defendant,

SSM Health Care, Defendant/Respondent.

No. 73953.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 22, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 18, 1999.

Application for Transfer Denied March 23, 1999.

Daniel A. Raniere, Aubuchon, Raniere & Lally, P.C., St. Louis, Thomas J. Casey, Casey & Meyerkord, P.C., St. Louis, for appellant.

David I. Hares, Clayton, for defendant Westbury OB–GYN, Inc.

Kenneth C. Brostron, Susan E. Buckley, Lashly & Baer, P.C., St. Louis, for defendant/respondent SSM Health Care.

KATHIANNE KNAUP CRANE, Judge.

Plaintiff, Shantay Buckhanan, appeals from the judgment entered on a jury verdict in favor of defendant, SSM Health Care, on her medical negligence claim. Plaintiff asserts the trial court erred in failing to grant her a new trial as a result of juror misconduct. We affirm.

Plaintiff brought a medical negligence action against defendants, Westbury Ob–Gyn, Inc. and SSM Health Care, for damages for injuries she claimed to have sustained at birth. Plaintiff alleged the doctor and hospital failed to consult a specialist at delivery, failed to attend her birth, and failed to timely resuscitate her. The jury found for defendants.[1]

---

1. Westbury Ob–Gyn, Inc., settled with plaintiff before the jury returned its verdict. SSM Health Care is the only defendant in this appeal.

Plaintiff filed a motion for new trial. To support her new trial motion, plaintiff deposed alternate juror B.J. Defendant moved to quash the deposition and alternatively asked the court not to consider it on the grounds that the testimony of the alternate juror was inadmissible and could not be received to impeach the jury verdict. The trial court considered the deposition in which B.J. testified that she overheard alternate juror M.M. discuss the case with jurors J.J. and J.A. during trial recesses, that alternate juror M.M. knew she was violating the court's instructions, and that the jurors had made up their minds prior to submission. Defendant filed a memorandum in opposition to the motion supported by affidavits from alternate juror M. M., juror J.J. and juror J.A. The affidavits attested that the jurors had not discussed the case prior to submission and had not made up their minds prior to submission. The trial court denied the motion for new trial on the grounds that plaintiff had not presented persuasive evidence of prejudice. The trial court concluded:

> While [B. J.]'s deposition testimony might indicate that [M.M.] may have made some inappropriate comments during the course of the trial, there is no evidence that the other jurors disregarded the instructions of the court by deliberating or making up their minds prior to submission or by failing to consider all of the evidence presented by both parties before making up their minds. See, *Mathis v. Jones Store Company*, 952 S.W.2d 360, 364–65 (Mo.App. 1997). There is also no evidence that [M. M.]'s comments were based on any improper outside influence.

■ Plaintiff raises two related points on appeal. She contends that she is entitled to a new trial based on juror misconduct because the misconduct "prejudiced and deprived plaintiff of her constitutional right to trial by jury in direct violation of the trial court's jury instruction" and because "the evidence of intentional misconduct was prejudicial as a matter of law."

The trial court considered the deposition and analyzed the claims under a case in which the evidence of misconduct was prop-

erly before the trial court, that is, where juror testimony of violations of Instruction 2.01 was admissible because the hearing was conducted on a motion for mistrial before the jury deliberated. *See Mathis v. Jones Store Co.*, 952 S.W.2d 360, 364–65 (Mo.App.1997).

■ However, in this case, all the evidence of misconduct came from the deposition of an alternate juror to which objection was made. Accordingly, the first issue we must address is the scope of the evidence which can be considered. A juror's affidavit or testimony is not to be received in evidence for the purpose of impeaching the jury's verdict. *Wingate by Carlisle v. Lester E. Cox Medical Center*, 853 S.W.2d 912, 916 (Mo. banc 1993). This rule likewise applies to alternate jurors. *Id.See also Edley v. O'Brien*, 918 S.W.2d 898, 906 (Mo.App.1996); *Green v. Lutheran Charities Ass'n*, 746 S.W.2d 154, 157 (Mo.App. 1988). This rule extends to juror conduct which takes place either inside or outside the jury room. *Wingate*, 853 S.W.2d at 916.

The deposition of the alternate juror contained comments made by the allegedly biased alternate juror and the responses made by the allegedly biased jurors during the trial recesses. Defendant timely moved to quash the deposition and alternatively moved that the trial court not consider it. Defendant argued its objection to the deposition in its memorandum in opposition to plaintiff's motion for new trial and has raised it again in its brief on appeal. Although the trial judge did consider the deposition, on appeal we cannot consider it because it impeaches the verdict. *Wingate*, 853 S.W.2d at 916.

Plaintiff adduced no other evidence to support her claim of juror misconduct. There was no evidence to support the motion for new trial. The trial court did not err in denying the motion.

The judgment of the trial court is affirmed.

PAUL J. SIMON, P.J. and LAWRENCE E. MOONEY, J., concur.