Charles Leonard DUNCAN, Plaintiff-Respondent,

v.

John Wayne PRICE, Defendant-Appellant.

No. 12110.

Missouri Court of Appeals, Southern District, Division Three.

Aug. 5, 1981.

L. Dwayne Hackworth, Randy P. Schuller, Piedmont, for plaintiff-respondent.

William B. Gresham, III, Hyde, Purcell, Wilhoit, Edmundson & Merrell, Poplar Bluff, for defendant-appellant.

BILLINGS, Presiding Judge.

Suit on promissory note. Judgment was entered on the jury's verdict in favor of plaintiff for the principal amount of the note, interest, and attorney's fees. Defendant asserts error was committed by the trial court in excluding evidence, admitting evidence, and by plaintiff's counsel in argument to the jury.

Plaintiff's petition was in conventional form. Defendant filed a general denial. Plaintiff's evidence showed that defendant executed the note to consolidate debts that defendant owed plaintiff by reason of various business dealings and the note was not paid when due.

Defendant contends the trial court erroneously excluded evidence of the employment relationship of the parties and that this evidence was essential to his proof that the note was fraudulently induced and that it was without consideration. First of all, defendant did not plead the affirmative defenses of fraud or lack of consideration, both of which must be pleaded if a party intends to rely upon them by way of defense. Rule 55.08, V.A.M.R.; *Shephard v. Hunter*, 508 S.W.2d 234 (Mo.App.1974); *Casserly v. Bench*, 458 S.W.2d 893 (Mo.App. 1970). And, unless it clearly appears that plaintiff tacitly agreed to join issues on such affirmative defenses, consent to the trial of non-pleaded affirmative defenses should not be held to be implied. *American Samax Co. v. Cliff Packer Chevrolet, Inc.*, 588 S.W.2d 529 (Mo.App.1979). Secondly, statements by counsel of what he intended to prove do not constitute a sufficient offer of proof. *State v. Sullivan*, 553 S.W.2d 510 (Mo.App.1977). Additionally, such evidence would have gone to the non-pleaded issue of fraud. The point is denied.

Plaintiff was entitled to impeach defendant on cross-examination by eliciting evidence of crimes committed by the defendant and the nature of such. Section 491.050, RSMo 1978; *State v. Scott*, 459 S.W.2d 321 (Mo.1970); *Forbis v. Associated Wholesale Grocers, Inc.*, 513 S.W.2d 760 (Mo.App.1974). Contrary to defendant's assertion, the transcript does not show that plaintiff was permitted to delve into the details of the crimes. We find no error in the admission of this testimony.

Defendant next complains that during argument plaintiff's attorney dis-

played a check to the jury which had not been offered or admitted into evidence. The check was exhibited to and identified by defendant upon cross-examination and the amount of the check and the transaction it represented was placed before the jury through his testimony. A careful examination of the transcript does not disclose that the check was in fact displayed to the jury during argument, but rather, plaintiff's attorney was commenting upon defendant's testimony on cross-examination concerning the check and the transaction giving rise to it. Counsel is permitted wide latitude in discussing the facts and arguing inferences from the evidence. *S. G. Payne & Company v. Nowak*, 465 S.W.2d 17 (Mo. App.1971). The reference to the check amounted to nothing more than a graphic representation of a transaction which was part of the evidence before the jury and illustrated a point in counsel's argument. *Boese v. Love*, 300 S.W.2d 453 (Mo.1957). Furthermore, by reason of defendant's identification of the check and his testimony concerning the same, the check was in evidence under the rule in this state, although not formally introduced. *Baker v. Atkins*, 258 S.W.2d 16 (Mo.App.1953); 88 C.J.S. Trial § 62 (1955).

The judgment is affirmed.

All concur.