Joseph PIAZZA, Plaintiff-Appellant,

v.

Lois (Piazza) BIELICKE,
Respondent-Respondent.

No. 47670.

Missouri Court of Appeals,
Eastern District,
Division Six.

Sept. 25, 1984.

Motion for Rehearing and Transfer
Denied Nov. 20, 1984.

Gregg W. Keegan, St. Louis, for plaintiff-appellant.

David Fischer, St. Louis, for respondent-respondent.

CLEMENS, Senior Judge.

In this post-dissolution action respondent-wife got a $929.92 judgment against appellant husband. This $929.92 was the unpaid balance of medical charges arising from surgery and hospitalization of the parties' eighteen-year-old daughter "Gigi."

The parties' marriage had been dissolved in 1973. The wife then carried a Blue Cross-Blue Shield hospitalization policy. Thereafter she remarried. Her new husband was an insurance agent and carried a medical policy with the Aetna Insurance Company, so wife cancelled the Blue Cross-Blue Shield policy and she and her children were added as beneficiaries in the Aetna policy.

After daughter "Gigi" was hospitalized Aetna paid $3,319 of her medical bills but not the now-in-issue $929.92 unpaid balance thereof. Father's liability depends on the parties' dissolution agreement made a part of the decree. We find it supports the $929.92 award to the mother.

Husband relies on paragraph 10 of the dissolution agreement, providing: ·

"(Wife) agrees to maintain in full force and effect and to carry the three children of the marriage as beneficiaries and entitled to all benefits under (her) existing Blue Cross and Blue Shield hospitalization and medical insurance plan."

But in his brief here the husband omits another part of their dissolution decree, paragraph 13. It provides:

"(Husband) further agrees to pay all said medical and dental bills of said minor children to be incurred in the future until the said minor children...."

In April of 1981 husband wrote counsel saying: "I am presently up to date on all medical expenses, part of which have been over $5,000 in dental work." And, the following month husband wrote counsel saying that if his wife:

"does not have coverage with Blue Cross and Blue Shield in the State of Missouri, I will be happy to comply with the payment of the balance of the medical expenses covering my daughter, GiGi Piazza's recent hospitalization."

As shown, husband here relies solely on paragraph 10 of the parties' agreement saying wife must maintain the parties' original Blue Cross-Blue Shield policy. He ignores the above quoted paragraph 13 whereby he agreed to pay all the daughter's future medical bills. Husband has confirmed this latter obligation in his quoted correspondence.

The husband's contention here is refuted by the quoted record. It supports the trial court's judgment that the wife recover from husband the challenged hospital bill.

The wife was the only witness to testify in this matter. At the conclusion of cross-examination by husband's attorney, the trial judge asked her some questions concerning a purported release she had signed some four years earlier. The judge had noticed the release in the dissolution file which had been an exhibit. Husband now attempts to rely upon this release as a defense. This effort is in vain because he did not plead the release as an affirmative defense. Rule 55.08. "Unless it clearly appears that plaintiff tacitly agreed to join issues in such affirmative defenses, · consent to the trial of non-pleaded affirmative defenses should not be held to be implied." *Duncan v. Price,* 620 S.W.2d 70, 71 (Mo. App.1981). No such tacit agreement appears from the fact that wife attempted to satisfy the curiosity of the trial judge regarding a document, the details of which she could not remember.

GAERTNER, P.J., and SNYDER, J., concur.