**STATE of Missouri, Appellant,**

v.

**Gregory David JONES, Respondent.**

**Nos. 42114, 42455.**

Missouri Court of Appeals, Western District.

April 10, 1990.

Marvin W. Opie, Versailles, for appellant.

Michael L. McDorman, Versailles, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and BERREY, JJ.

BERREY, Judge.

The State of Missouri appeals from the trial court's action in sustaining respondent's motion to suppress in cases involving § 195.020, RSMo 1986, misdemeanor possession of marijuana and misdemeanor possession of drug paraphernalia. These charges arose out of a search conducted by a conservation agent who was looking for a wild turkey, taken or possessed illegally, that was allegedly in respondent's possession. These cases are consolidated on appeal. Respondent, Gregory Jones, moved to dismiss this appeal as not in compliance with our Rules. This motion was taken with the case. For the reasons cited herein, the motion to dismiss is sustained.

Appellant originally filed two briefs with this court, one for each of the cases heard below. Except for the case numbers, these briefs are word-for-word identical and for the purposes of our review will be considered as one brief. The first thing one notices when looking at appellant's brief is its color. The cover of the brief is bright red, in violation of Rule 84.06(c)(1), which requires that in the Court of Appeals, briefs on the merits for appellants will be white. Upon opening the brief we read (much to our surprise) that jurisdiction for this appeal "lies in the Missouri Court of

Appeals, Eastern District." These preliminary points are *de minimis* but are mentioned as an indication of the quality of the brief.

Much more serious are the errors and omissions contained in Points Relied On and argument portions of the brief, which are so egregious as to warrant dismissal. The brief filed with this court contains three points, none of which can even aspire to adequacy. As these points are concise, almost to the point of non-existence, we set them out together with argument, in their entirety.

## I.

THE TRIAL COURT ERRED IN APPLYING SECTION 252.100 RSMO BECAUSE THE DEFENDANT HAD WAIVED THE PROTECTION OF THAT STATUTE IN THAT THE RESULTS OF THE SEARCH AND THE STATEMENTS OBTAINED FROM HIM WERE OBTAINED BY VOLUNTARY CONSENT.

A search and seizure may be conducted upon the basis of voluntary consent by an individual who has right of control over the place searched or property seized. Neither probable cause nor a warrant are required if there is valid consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), on remand 479 F.2d 1047 (9th Cir.1973); *United States v. Watson*, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976), rehearing denied 424 U.S. 979, 96 S.Ct. 1488, 47 L.Ed.2d 750 (1976); *State v. McMahan*, 583 S.W.2d 540 (Mo.App. 1979).

Voluntary admissions by the Defendant after being advised of his Miranda rights are admissible. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, (1956) [sic], rehearing 385 U.S. 890, 87 S.Ct. 11, 17 L.Ed.2d 121 (1966).

## II.

THE TRIAL COURT ERRED IN CONSIDERING THE OBJECTION TO THE SEARCH UNDER SECTION 252.-100 RSMO BECAUSE SAID OBJECTION WAS NOT RAISED IN DEFENDANT'S MOTION TO SUPPRESS.

The motion to suppress should include the reasons why a warrantless search is invalid. Section 542.296.5(1) and (5), RSMo.

## III.

THE TRIAL COURT ERRED IN CONSIDERING THE OFFER OF PROOF BY DEFENSE COUNSEL BECAUSE THE OFFER OF PROOF BY DEFENSE COUNSEL WAS A MERE STATEMENT AS TO WHAT COUNSEL CLAIMED IN THAT IT DID NOT OFFER SPECIFICS OF FACT.

A mere statement of counsel as to what he intends to prove is not a sufficient offer of proof and said offer should be specific as to the factual allegations made. *Duncan v. Price*, (1981, Mo.App.) 620 S.W.2d 70 and *Hawkins v. Whittenberg*, (1979, Mo.App.) 587 S.W.2d 358.

Rule 84.04 covers the contents of briefs. The rule requires that "[t]he points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...." Rule 84.04(d). Moreover, "[s]etting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule." *Id.* It is also necessary that the argument portion of the brief "substantially follow the order of 'Points Relied On.'" Rule 84.04(e). The Rule also mandates that "[a]ll statements of fact and argument shall have specific page references to the legal file or the transcript." Rule 84.04(h).

The requirements set out in Rule 84.04 are both mandatory and essential for appellate courts to function smoothly and effectively. *Draper v. Aronowitz*, 695 S.W.2d 923, 924 (Mo.App.1985). We do not function as advocates; it is not our job to make appellant's case for him. *See McKee v.*

*Wilmarth,* 771 S.W.2d 955 (Mo.App.1989). "It is not our duty or responsibility to spend judicial time searching through legal files, transcripts or argument portions of briefs in an attempt to interpret the thrust of a party's contentions and correct counsel's deficiencies." *Green v. Lutheran Charities Ass'n,* 746 S.W.2d 154, 156 (Mo. App.1988).

The appellant's briefs before this court in the instant case are inadequate. The points relied on and argument sections set out basic statements of hornbook law. No attempt has been made to relate these arguments to the facts of the case. No reference to the transcript or legal files are given in these sections. No page numbers appear to reference counsel's bold, abstract statements of law to the case. It is as if this brief was written in a vacuum without any thought given to how the principles of law and the facts of the case interact. The Missouri Supreme Court in *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978), points out that compliance with the Rules is a matter of common sense. After stating the ruling of the trial court it should be specified why that ruling was erroneous. "[T]he court then must be informed *wherein* the testimony or evidence gives rise to the ruling for which appellant contends." *Id.* at 685. This is precisely what counsel has failed to do. Nor has anyone addressed the problem of how it can be believed that a large avian such as a wild turkey can be found in an opaque brown bottle approximately two inches long.

The primary function of an appellate court is one of review. Where appellants do not make clear what is to be reviewed, we are hamstrung. It is improper use of judicial time and resources to sift through a record in order to find clues regarding what is being argued on appeal. Not only is this unfair to the court, it is also unfair to respondent, who must answer the unanswerable. It is unfair to the system, as a case such as this interferes with the orderly administration of justice and case flow.

Appellant failed to comply with the requirements of Rule 84.04. Its non-compliance has left us with nothing to review. This appeal is dismissed.

All concur.