**STATE of Missouri, Respondent,**

v.

**George Robert OSWALD, Appellant.**

**No. WD 56059.**

Missouri Court of Appeals,
Western District.

March 28, 2000.

James F. Crews, Tipton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., for respondent.

Before: LAURA DENVIR STITH, P.J., and HOWARD and NEWTON, JJ.

VICTOR C. HOWARD, Judge.

George Robert Oswald (defendant) appeals from the judgment entered upon his conviction by a jury of criminal non-support, a class D felony. § 568.040 RSMo

1994.[1] He asserts that the trial court erred: (1) in sentencing him to five years imprisonment despite the jury's assessed punishment of a fine only; and, (2) in failing to instruct the jury on "good cause" pursuant to *M.A.I.-CR 3d* 322.08.

The judgment, as it relates to defendant's sentence, is reversed and the case remanded to the trial court with directions to enter a sentence of a fine in conformance with the verdict, with the remaining portion of the judgment being affirmed.

## Background

Defendant and Janet Meyer married in 1972, and had four children during the marriage. They divorced on August 17, 1983, with Ms. Meyer receiving custody of the children subject to defendant's rights of visitation. Defendant was ordered to pay $25 per month in child support. The child support obligation was modified several times with the last modification in June of 1993. Defendant's child support obligation was then determined to be $155 per child, per month, and he was to provide medical, dental and health insurance for the children. Only three children resided with Ms. Meyer at the time, thus defendant's child support obligation amounted to $465 per month. Defendant moved to set aside this modification in July of 1993, but his motion was denied.

Defendant made no child support payments during the months of January through June of 1994, nor did he provide the required insurance for the three children still living with their mother. He provided no food, clothing, shelter or medical care for the children, nor did he contact the children or Ms. Meyer during those six months. Defendant was, however, employed during that period by B & F Cattle Company and Olean Livestock Market, Inc. In addition, defendant kept livestock on his farm and earned income from leasing his pastureland.

Defendant testified he worked only part time at the sales barns and did not. make enough money during this time to pay the $465 per month in child support. He also testified that he had to quit his prior job due to a health problem or alleged "disability" he developed from stress. Neither Ms. Meyer nor the children were aware of any disability defendant allegedly suffered from that would have prevented him from working.

The jury subsequently found defendant guilty of felony non-support. The jury determined defendant should not be subject to imprisonment and assessed punishment as a fine, the amount of which was to be set by the court. The court then issued a suspended sentence of five years in the department of corrections and placed defendant on probation. According to the terms of his probation, defendant was to pay costs, attend a victim impact panel, attend a prison tour, obtain a substance abuse assessment and follow all recommendations thereof, and pay $250 per month toward child support arrearages of $11,115.93. In addition, while on probation, defendant was to maintain full-time employment and execute a wage assignment for all of his employers.

## Point I: Trial Court's Sentencing Greater Than Jury's Assessment of Punishment

The state does not contest defendant's first point that the trial court erred in assessing punishment of five years in the department of corrections to be suspended pending successful completion of five years probation, because this was a greater sentence than that assessed by the jury in its verdict.

■ The jury was instructed that it could impose a sentence ranging from imprisonment to a fine. The jury chose to assess punishment as "no imprisonment but a fine in an amount to be determined by the Court." Except for circumstances

**1.** Unless otherwise noted, all statutory references are to RSMo 1994.

not present in the case at bar, i.e. persistent offender status under § 558.016, "it is the primary function of the jury to set the maximum punishment, [and] the trial court makes its own assessment of punishment and will enter a sentence consistent with the facts of the case, which may not exceed the punishment issued by the jury." *State v. McClanahan,* 954 S.W.2d 476, 481–82 (Mo.App. W.D.1997); § 557.036.3 RSMo Supp.1997. Here, the trial court exceeded its authority in sentencing defendant to imprisonment, as that punishment was greater than the fine assessed by the jury.

Accordingly, the case is reversed and remanded to the trial court on the matter of sentencing with directions that the trial court issue a sentence in conformance with the jury's verdict.

### Points II, III & IV:

### "Good Cause" for Non–Support of Children

Defendant addresses his next three points in one argument. As each deals with whether "good cause" for defendant's non-support of his children existed pursuant to § 568.040, we will address each point together.

In his brief, defendant alleges the trial court erred in:

[Point II:] not instructing as to lack of ability to work during the six month period, in that, the issue of [defendant's] disability had been injected into evidence as "good cause" for a defense in this matter [; ... Point III:] not allowing further questions as to the nature and extent of the disability of defendant during the six month charged period [; ... and, Point IV:] not instructing the jury that disability during the six month non support period was a defense to the charge of non-support of children.

As the State points out, these points do not conform to Rule 30.06(d), because they do not set forth why the trial court's rulings were erroneous. *State v. Cardona–Rivera,* 975 S.W.2d 200, 203 (Mo.App. S.D.

1998). In Points II and IV, which relate to instruction error, defendant also failed to set forth the instruction in the argument portion of his brief as required by Rule 30.06(e). *State v. Isa,* 850 S.W.2d 876, 900 (Mo. banc 1993). Likewise, Point III is not developed in the argument portion of defendant's brief and is therefore abandoned. *State v. Timmons,* 956 S.W.2d 277, 283 (Mo.App. W.D.1997). Defendant has therefore failed to preserve these points for appellate review. Rule 30.20. Accordingly, defendant's points II, III and IV are denied.

### Conclusion

The trial court erred in sentencing defendant to five years in the department of corrections in that the jury assessed only a fine to be determined by the court. Therefore, that portion of the court's judgment as it relates to sentencing is reversed and remanded with instructions to the court to enter a sentence of a fine in conformance with the verdict. The remaining portion of the judgment is affirmed.

LAURA DENVIR STITH, P.J., and NEWTON, J., concur.