**STATE of Missouri, Appellant,**

v.

**Mark STROBEL, Respondent.**

**No. WD 62757.**

Missouri Court of Appeals,
Western District.

Feb. 10, 2004.

Michael D. Sanders, Prosecuting Attorney, Kansas City, MO, Rhonda K. Mason and Joseph M. Marquez, Assistant Prosecuting Attorneys, Independence, MO, Attorneys for Appellant.

David S. Bell, Assistant Public Defender, Kansas City, MO, Attorney for Respondent.

Before LOWENSTEIN, P.J., and EDWIN H. SMITH and HOWARD, JJ.

PER CURIAM.

The State appeals from a judgment granting Defendant's motion to dismiss the information charging him with unlawful use of a weapon in violation of section 571.030.1(4). Because the State's brief on appeal does not comply with the briefing requirements of Rule 84.04,[1] as directed in Rule 30.06, we dismiss the appeal.

On April 23, 2003, the Circuit Court of Jackson County, Missouri, entered judgment dismissing the information against Defendant. The State filed its notice of appeal to this court five days later. After this court granted the State several extensions of time to file its brief, it filed a brief on October 10, 2003.

Rule 30 by its title governs "Appellate Procedure in All Criminal Cases." Rule 30.06 governs the contents of criminal appellate briefs, directing at subsection (c) that "[t]he statement of facts, points relied on, argument and appendix shall be prepared as provided in Rule 84.04." Rule 30.06(e) further directs, "[a]ll statements of fact and argument contained in any brief shall have specific page references to the legal file or the transcript." *See also* Rule 84.04(i) (stating the same page reference requirements for briefs in civil appeals).

---

1. Rule references are to Missouri Court Rules, vol. I (2003).

 In this case, the State's "Statement of Facts" contains no specific page references to the legal file or the transcript of the motion to dismiss hearing. It sets forth only: the issue raised by Defendant's motion to dismiss; a brief purported factual background leading to the charge against Defendant (these facts were apparently taken from the Probable Cause Statement contained in the legal file); the fact that a hearing was held on Defendant's motion, and an officer "testified that the knife found on [Defendant] was in fact a weapon capable of lethal use"; and the fact that "the case was dismissed" and followed by this appeal. It wholly fails " 'to afford an immediate, accurate, complete and unbiased understanding of the facts [giving rise to the dispute on appeal],' " which is the primary purpose of a statement of facts. *State v. Bradley*, 8 S.W.3d 905, 906 (Mo.App. S.D.2000) (quoting *Wipfler v. Basler*, 250 S.W.2d 982, 984 (Mo.1952)). Moreover, the deficiencies in the State's "Statement of Facts" leave this court to serve as an advocate for the State and sift through the record to determine the factual basis of claimed error, which is not this court's duty. *Id.*

 Further, the State's point relied on, which it labels "Argument," fails to follow the requirements of Rule 84.04(d); its point relied on reads, "The trial court erred in granting [Defendant's] Motion to Dismiss based on the question of whether a pocketknife can be considered as a weapon readily capable of lethal use under section 570.030.4." Not only does the State cite the wrong statute (Defendant was charged under section *571.030.1(4)* ), but the point does little more than identify the trial court ruling or action that the State challenges. Rule 84.04(d)(1)(A). It does not concisely state the legal reasons for the State's claim of reversible error as required by Rule 84.04(d)(1)(B), nor does it "explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error," as required by Rule 84.04(d)(1)(C).[2] This court would also have to act as an advocate to determine the precise nature of the State's argument, which we will not do.

While we recognize that this court has at times exercised its discretion to review the merits of an appeal in a criminal matter despite technical briefing deficiencies, we do not feel this case warrants our exercise of that discretion. Accordingly, we dismiss the appeal.

---

**2.** We also note the State's brief did not include a list of cases and other authority primarily relied on immediately following its point relied on as required by Rule 84.04(d)(5). However, after searching through the brief, the court did locate a "Table of Authorities" at the front of the brief.