STATE of Missouri, Respondent,

v.

Davy Joe MASSEY, Appellant.

No. WD 63762.

Missouri Court of Appeals,
Western District.

Feb. 22, 2005.

Rehearing Denied March 29, 2005.

James F. Crews, Tipton, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
Deborah Daniels, Shaun J. Makelprang,
Office of Attorney General, Jefferson City,
for Respondent.

PAUL M. SPINDEN, Presiding Judge.

Davy Joe Massey appeals the circuit
court's judgment convicting him of posses-
sion of a controlled substance, possession
of drug paraphernalia, and manufacture of
a controlled substance. Because of his
brief's woeful inadequacies that prevent us
from determining what his complaint is,
we dismiss his appeal. His brief so fla-
grantly and repeatedly violates Rule
84.04's briefing requirements that, were
we to attempt a review of his case, we
would in effect become his advocate. (We
look to Rule 84.04 because Rule 30.06 that
governs briefing requirements for criminal
appeals requires appellants to follow Rule
84.04.) We decline this role as improper.

■ We would be acting improperly to review this case because Massey's brief is so inadequate that we must guess what his points are and would have to sift through the case record trying to find support for the perceived points. We would, in effect, be assuming the role of appellant's advocate, an improper role for this court. *Green v. Lutheran Charities Association,* 746 S.W.2d 154, 156 (Mo.App.1988). We, therefore, dismiss the appeal. *State v. Strobel,* 126 S.W.3d 456, 457 (Mo.App. 2004). We do so reluctantly, preferring instead to decide cases on the merits. But we feel compelled to dismiss because Massey's brief is so flagrantly deficient that we are not able to understand his points, much less conduct a review of his case.

■ The most egregious of Massey's shortcomings was his extremely truncated arguments in support of his five purported points. They were void of citations to the record, and only one—the last one—had a citation to any precedent or other authority. His longest argument was six sentences long, not counting a long, "block quotation." His fourth argument said in its entirety, "The possession of P2P was not charged in the information its presence was irealavant [sic] to any charge contained in the information." These arguments are so inadequate that we can only speculate as to what Massey's claims are. We deem points not developed in the argument section to be abandoned. *State v. Oswald,* 14 S.W.3d 678, 680 (Mo.App.2000).

■ Almost as egregious was Massey's failure to cite any authority in support of four of his five arguments. In the one argument in which he cited support, he cited only one case. When an appellant fails to cite relevant law and explain how it applies to the applicable facts, review of his case would put us in the improper position of formulating his legal theories for him. *State v. Jones,* 786 S.W.2d 926,

928 (Mo.App.1990). We, therefore, deem Massey to have abandoned the points. *State v. Isa,* 850 S.W.2d 876, 900–01 (Mo. banc 1993).

Massey's points relied on were of little aid in helping us to understand his complaint. The points relied on violated Rule 84.04(d)(1)'s requirement that they "identify the trial court ruling or action that the appellant challenges; ... state concisely the legal reasons for the appellant's claim of reversible error; and ... explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Massey's five points relied on said:

> The court erred in admitting items taken from the defendant, in that the officer could not postivitly [sic] identify State's Exhibit 38, 39 and 42 as items that he removed form [sic] the person of the defendant.

> The court erred in giving instruction number 10(ten) in that, there was no evidence, Direct or circumstanional [sic] that the defendant participate [sic] in the manufacture of methamphetamine.

> The court erred in submittly [sic] a modified instruction as instruction number 10(ten), in that, the instruction as modified did not require action or acting with intent to do an alleged act, as modified the instruction allowed a finding of guilt on behalf of the defendant if he knew others were acting illegally.

> The court erred in addicting [sic] evidence as to phenyl acetone or P2P, in that, P2P is a Schedule II controlled substance and was not charged as being possessed with criminal intent and it was shown as a sole and separate crime, in that, it was not shown to be a precursor or a by-product of methamphetamine cook.

The court erred in admittingly [sic] P2P since it was not disclosed during discovery that this schedule II controlled substance was present, and it was irrelevant to the charge in the information.

█ These points relied on are woefully inadequate. Few state the legal reasons for his claim of error, and none explains why those legal reasons support his claims of reversible error. None substantially follows the form required by Rule 84.04(d)(1). "A point relied on written contrary to the mandatory requirements of Rule 84.04(d), which cannot be comprehended without resorting to other portions of the brief, preserves nothing for appellate review." *State v. Dodd*, 10 S.W.3d 546, 556 (Mo.App.1999).

Moreover, Massey's statement of fact did not comply with Rule 84.04(c), which requires "a fair and concise statement of the facts relevant to the questions presented for determination." Massey's statement did not set out any procedural history and consisted mainly of paraphrased testimony. For example, it said, "Karen Schulte[,] a state highway patrol criminalist[,] was called. She testified. That she tested a syringe and it was negative for controlled substance. That Exhibit 41 was marijuana." Merely paraphrasing witnesses' testimony is insufficient and fails to help us understand the facts relevant to appeal. *State v. Jackson*, 141 S.W.3d 391, 393 (Mo.App.2004).

Massey's brief violated Rule 84.04 in numerous other ways. We decline to list all of the violations. We dismiss the appeal.

VICTOR C. HOWARD, Judge, and THOMAS H. NEWTON, Judge, concur.