**Don'e Joe WHITE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 27286.

Missouri Court of Appeals,
Southern District,
Division Two.

April 4, 2006.

Motion for Rehearing or Transfer
Denied April 24, 2006.

Don'e Joe White, pro se.

Respondent filed no brief.

ROBERT S. BARNEY, Judge.

Don'e Joe White ("Movant") appeals the motion court's denial of his Rule 75.01 motion to re-open his prior post-conviction proceeding as well as the trial court's denial of his Rule 29.15 motion.[1]

Movant raises two points on appeal.[2] However, we initially observe that

---

1. We note that the State failed to file a brief in this matter. All rule references are to Missouri Court Rules (2004).

2. Due to the disposition of this appeal, this Court feels no need to recite the underlying factual and procedural matters at present; however, we do note that Movant's direct

Movant's statement of facts violates Rule 84.04(c) in that it gives no comprehensible recitation of the facts relevant to the questions presented. Rule 84.04(c) sets out that "[t]he statement of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. Such statement of facts may be followed by a resume of the testimony of each witness relevant to the points presented." The primary purpose of the statement of facts is " 'to afford an immediate, accurate, complete and unbiased understanding of the facts [of the case]....' " *State v. Strobel,* 126 S.W.3d 456, 458 (Mo.App.2004) (quoting *State v. Bradley,* 8 S.W.3d 905, 906 (Mo.App.2000)). The instant statement of facts fails to accomplish that purpose.

In *Overall v. State,* 540 S.W.2d 637, 638 (Mo.App.1976), the statement of facts was but a history of the case and contained none of the facts relevant to the issues raised. *Id.* The appellate court noted that "[t]he facts upon which the trial court made its determination are indispensable to our review" and that "gross inadequac[ies] in appellate briefs" should not be tolerated. *Id.*

Here, as in *Overall,* Movant's "statement of facts" provides virtually no facts and consists solely of a vague procedural history of his case. It simply does not contain facts necessary for our determination of whether the trial court properly denied Movant's Rule 75.01 and Rule 29.15 motions. Moreover, the deficiencies "leave this [C]ourt to serve as an advocate ... and sift through the record to determine the factual basis of claimed error, which is not this [C]ourt's duty." *Strobel,* 126 S.W.3d at 458. Movant cites but very few facts "relevant to the questions presented for determination." Rule 84.04(c). We

appeal was affirmed by this Court in an un-

thus conclude that Movant's brief substantially violates Rule 84.04(c).

■ Also, the argument portions of Movant's brief violate Rule 84.04(e) which sets out that:

> The argument shall substantially follow the order of "Points Relied On." The point relied on shall be restated at the beginning of the section of the argument discussing that point. The argument shall be limited to those errors included in the "Points Relied On".... Long quotations from cases and long lists of citations should not be included.

The argument portion of the brief should show how the principles of law and the facts of the case interact. *State v. Jones,* 786 S.W.2d 926, 928 (Mo.App.1990). In the present matter, Movant's argument under his first point relied on, as best we discern, appears to complain of a conflict of interest arising from the trial court's appointment of the public defender's office in Columbia, Missouri, as both direct appeal counsel and post-conviction counsel. Movant then shifts his argument to a numbered list of claims of "INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL THAT SHOULD HAVE BEEN PRESENTED IN THE DIRECT APPEAL AND 29.15 ..." supported by myriad random facts, not all of which are contained in the record. Similarly, Movant's argument under his second point relied on reiterates his conflict of interest complaint as set out in his first point but consists largely of conclusory arguments and speculation.

Furthermore, Movant cites little relevant authority and relies heavily on out-of-state and federal case law which is general in nature. Additionally, many of the citations which are included in Movant's brief are incomplete and difficult to understand.

published memorandum opinion.

In short, the respective argument portions of Movant's brief are bereft of meaning and clarity. " 'It is as if this brief was written in a vacuum without any thought given to how the principles of law and facts of the case interact.' " *State v. Smith,* 850 S.W.2d 934, 943 (Mo.App.1993) (quoting *Jones,* 786 S.W.2d at 928).

■ Additionally, Movant did not comply with that portion of Rule 84.04(e) which requires that "[t]he argument shall ... include a concise statement of the applicable standard of review for each claim of error." *See State v. Anderson,* 37 S.W.3d 821, 822 (Mo.App.2001). Indeed, Movant's brief fails to include a standard of review under either point relied on. Moreover, Movant's brief fails to comply with Rule 84.04(i) which requires that "[a]ll statements of fact and argument shall have specific page references to the legal file or the transcript." Movant has also failed to provide citations to the legal file for any of his assertions. Further, his brief does not contain an appendix as specified by Rule 84.04(h) containing "[t]he judgment, order, or decision in question, including the relevant findings of fact and conclusions of law filed in a judge-tried case ..." or "[t]he complete text of all statutes, ordinances, rules of court ... claimed to be controlling as to a point on appeal...."

■ "Rule 30.06(a) of the Rules of Criminal Procedure states: 'the brief for appellant shall contain the material prescribed by Rule 84.04(a).' " *State v. Westmoreland,* 48 S.W.3d 672, 673 (Mo.App. 2001) (quoting Rule 30.06(a)). As explained in *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978):

> Ordinarily, an appellate court sits as a court of review. Its function is not to hear evidence and, based thereon, to make an original determination. Instead, it provides an opportunity to examine asserted error in the trial court

which is of such a nature that the complaining party is entitled to a new trial or outright reversal or some modification of the judgment entered. It is not the function of the appellate court to serve as advocate for any party to an appeal.... When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role.

■ Although he was represented by counsel at trial, Movant appears in this appeal *pro se.* While Movant is fully entitled to proceed *pro se,* he is bound by the same rules of procedure as those admitted to practice law and is entitled to no indulgence he would not have received if represented by counsel. *State v. Eggers,* 51 S.W.3d 927, 928 (Mo.App.2001). "A *pro se* litigant must follow the same rules and procedures as counsel." *Bittick v. State,* 105 S.W.3d 498, 505 (Mo.App.2003) (emphasis added). "While we recognize the problems faced by *pro se* litigants, this [C]ourt cannot relax its standards merely because one is a non-lawyer; this is not due to lack of sympathy, but rather it is necessitated by the requirement of judicial impartiality, judicial economy, and fairness to all parties." *State v. Watkins,* 102 S.W.3d 570, 571 (Mo.App.2003). "It is not the appellate court's duty to become an advocate [for Movant] and search the record for error." *State v. Mohamed,* 110 S.W.3d 878, 880 (Mo.App.2003). "Failure to comply with the rules of appellate procedure constitutes grounds for the dismiss-

al of an appeal." *Anderson*, 37 S.W.3d at 822; *see* Rule 30.20 and Rule 84.13(a). It is within our discretion to dismiss an appeal for failure to comply with briefing requirements and we do so in this matter. *See Eggers*, 51 S.W.3d at 930; *see also Strobel*, 126 S.W.3d at 458. Appeal dismissed.

SHRUM, P.J., and BATES, C.J., concur.